UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN PATRICK MCCARTHY,  )<br> )<br>        Plaintiff,    )<br> )<br>    v.              )<br> )<br>THE LOWELL SUN, et al.,  )<br> )<br>        Defendants.   ) | C.A. No. 22-10760-PBS |

**ORDER**

**September 6, 2022**

Saris, D.J.

Pro se litigant Shawn P. McCarthy brings this action under 42 U.S.C. § 1983 ("§ 1983") in which he alleges that local reporters, media outlets, and his former employer violated his rights under the First Amendment. For the reasons set forth below, the Court orders that this action be DISMISSED without prejudice for lack of subject matter jurisdiction. Plaintiff is free to pursue his claims in an appropriate state court.

I.   **Background**

Murphy represents that he was employed as a school bus driver at the relevant time period. He alleges that, on May 16, 2016, while driving his usual bus route, he collided with a guard rail and a road sign on an exit ramp in Haverhill. McCarthy states that he struck his head during this event. McCarthy alleges that, in the aftermath of the accident, the

police required him to undergo a field sobriety test notwithstanding his obvious head injury. He failed the test and was placed under arrest for operating under the influence.

McCarthy alleges that, when he sought medical care after release on bail, urine and blood tests came back negative for drugs or alcohol. He further claims that physicians discovered a benign tumor in the fright frontal lobe of his brain and concluded that the tumor was the likely cause of the accident.

McCarthy states that, when the accident was reported in the media, "[m]ost of the media got the story right," in that they reported that he was "charged on allegations" of operating under the influence. Compl. at 5, ¶ 18. McCarthy alleges that, in contrast, the defendants "slandered and libeled [him] violating his First Amendment Constitutional rights, stating in writing and verbally in their reports for the public that Mr. McCarthy had driven the school bus under the influence of drugs or alcohol . . . not allegedly, but in fact." Id. at 2. He further claims that "[u]pon discovery of the tumor, not one of the defendants wrote or televised any retraction of their previous libelous and defamatory stories." Id. at 7, ¶ 27.

McCarthy brings this action under § 1983, explicitly identifying each of the defendants as "person" for purposes of that statute.

2

**II.  Discussion**

A court has an obligation to inquire sua sponte into its own subject matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  Federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  Id.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship[1] and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

Here, McCarthy invokes the Court's federal question subject matter jurisdiction on the ground that his cause of action

---

[1] In this context, state "citizenship" refers to the state in which a party is domiciled.  It does not refer to the country in which a party has citizenship.

arises under § 1983.  This statute provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege that (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived the plaintiff of federal rights.  Cruz-Arce Mngmt. Admin. Servs. Corp., 19 F.4th 538, 543 (1st Cir. 2021).

The "'under color of state law' requirement has long been regarded as functionally equivalent to the 'state action' requirement of the Fourteenth Amendment."  Id.  "If the challenged conduct cannot be classified as state action, a section 1983 claim necessarily fails."  Id.  "In the mine-run of [section 1983] cases, state action will derive from the conduct of government actors, that is, government officials or employees."  Id.[2]

---

[2] In limited circumstances not at issue in this action, conduct of a private party can "state action" if it may be "fairly attributable to the State."  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).

Here, McCarthy has failed to allege claims under § 1983 because none of the defendants were acting under the color of state law.  Their conduct was "private" in the sense that it cannot be attributed to the government.  Thus, even though the defendants are indeed persons, nothing in the complaint suggests that they were acting under color of state law.  As a result, McCarthy has failed to state a claim for relief under § 1983. Further, McCarthy does not identify, nor can the Court discern, any other federal claim under the alleged facts.

Because McCarthy has failed to state a claim arising under federal law, the Court does not have subject matter jurisdiction under § 1331.  McCarthy has not invoked the Court's diversity subject matter jurisdiction under § 1332, but it would have been futile for him to do so.  Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Complete diversity of citizenship does not exist where any defendant is a citizen of the same state as the plaintiff.  See id.  That is not the case here.  McCarthy resides in Massachusetts and the defendants include Massachusetts news reporters and media outlets.  For complete diversity of citizenship to exist, all the defendants would have to be domiciled in a state other than Massachusetts.

5

In the absence of any claim arising under federal law or complete diversity of citizenship between the parties, the Court lacks subject matter jurisdiction over this action and must dismiss the case.  This dismissal does not preclude McCarthy from bringing a state law claim in the appropriate state court, should he decide to do so.  The Court takes no position whether McCarthy should pursue relief in state court.  The Court also takes no position whether M.G.L. ch. 260, § 32 would provide McCarthy a year to refile this lawsuit in state court even if the statute of limitations would otherwise prevent the lawsuit.  See M.G.L. ch. 260, § 32; Boutiette v. Dickinson, 54 Mass. App. Ct. 817 (2002).  That is a question for the state court.

**III. Conclusion**

Accordingly, for the reasons stated above, the Court DISMISSES this case without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

                                   /s/ Patti B. Saris
                                   PATTI B. SARIS
                                   UNITED STATES DISTRICT JUDGE